IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

RANDY ALLEN MALFER, )
 )
        Plaintiff, )
 )
v. )
 ) Civil Action No. 12-169J
CAROLYN W. COLVIN, )
COMMISSIONER OF )
SOCIAL SECURITY, )
 )
        Defendant. )

MEMORANDUM JUDGMENT ORDER

AND NOW, this 24th day of September, 2013, upon due consideration of the parties' cross-motions for summary judgment pursuant to plaintiff's request for review of the decision of the Commissioner of Social Security ("Commissioner") denying his application for disability insurance benefits ("DIB") and supplemental security income ("SSI") under Titles II and XVI, respectively, of the Social Security Act, IT IS ORDERED that the Commissioner's motion for summary judgment (Document No. 13) be, and the same hereby is, granted and plaintiff's motion for summary judgment (Document No. 9) be, and the same hereby is, denied.

As the factfinder, an Administrative Law Judge ("ALJ") has an obligation to weigh all of the facts and evidence of record and may reject or discount any evidence if the ALJ explains the reasons for doing so. Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999). Where the ALJ's findings of fact are supported by substantial evidence, a reviewing court is bound by those

findings, even if it would have decided the factual inquiry differently. Fargnoli v. Massanari, 247 F.3d 34, 38 (3d Cir. 2001). Moreover, it is well settled that disability is not determined merely by the presence of impairments, but by the effect that those impairments have upon an individual's ability to perform substantial gainful activity. Jones v. Sullivan, 954 F.2d 125, 129 (3d Cir. 1991). These well-established principles preclude a reversal or remand of the ALJ's decision here because the record contains substantial evidence to support the ALJ's findings and conclusions.

Plaintiff filed his DIB and SSI applications on January 3, 2008, alleging disability beginning on October 20, 2004, due to back pain. Plaintiff's applications were denied. At plaintiff's request, an ALJ held a hearing on January 7, 2010. On February 8, 2010, the ALJ issued a decision finding that plaintiff is not disabled. On May 27, 2010, the Appeals Council vacated that decision and remanded the case for further proceedings.

The ALJ held another hearing in the case on October 21, 2010. On January 21, 2011, the ALJ issued a decision again finding that plaintiff is not disabled. The Appeals Council denied plaintiff's request for review on July 20, 2012, making the ALJ's decision the final decision of the Commissioner. The instant action followed.

Plaintiff, who has a high school education, was 42 years old on his alleged onset date of disability and is classified as a younger individual under the regulations. 20 C.F.R. §§404.1563(c), 416.963(c). Plaintiff has past relevant work

experience as an air brakeman, delivery truck driver and truck loader, but he has not engaged in substantial gainful activity at any time since his alleged onset date.

After reviewing plaintiff's medical records and hearing testimony from plaintiff and a vocational expert at the hearing, the ALJ concluded that plaintiff is not disabled within the meaning of the Act. Although the medical evidence established that plaintiff suffers from the severe impairments of failed back surgery syndrome, myalgias, intermittent left L5 radiculopathy and recurrent renal calculi, those impairments, alone or in combination, do not meet or equal the criteria of any of the listed impairments set forth in Appendix 1 of 20 C.F.R., Subpart P, Regulation No. 4 ("Appendix 1").

The ALJ found that plaintiff retains the residual functional capacity to perform sedentary work with a number of additional limitations. Plaintiff is limited to only occasional postural maneuvers such as balancing, stooping, kneeling, crouching, crawling or climbing ramps and stairs, he is precluded from climbing ladders, ropes and scaffolds, he is restricted to only occasional pushing and pulling with the lower extremities, and he must avoid exposure to dangerous machinery and unprotected heights. In addition, plaintiff is limited to sitting for 45 minutes at a time and then he must be permitted to stand for 15 minutes at a time throughout the workday. Further, plaintiff is limited to simple, routine and repetitive tasks that are not performed in a fast paced or quota based work environment.

AO 72
(Rev. 8/82)

Finally, plaintiff is restricted to only simple work-related decisions and relatively few work place changes (collectively, the "RFC Finding").

As a result of these limitations, the ALJ determined that plaintiff could not perform his past relevant work. However, based upon the vocational expert's testimony, the ALJ concluded that plaintiff's age, educational background, work experience and residual functional capacity enable him to perform other work that exists in significant numbers in the national economy, such as a table worker, electronics assembler or mail addresser. Accordingly, the ALJ found that plaintiff is not disabled within the meaning of the Act.

The Act defines "disability" as the inability to engage in substantial gainful activity by reason of a physical or mental impairment that can be expected to last for a continuous period of at least twelve months. 42 U.S.C. §§423(d)(1)(A), 1382c(a)(3)(A). The impairment or impairments must be so severe that the claimant "is not only unable to do his previous work but cannot, considering his age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy ...." 42 U.S.C. §§423(d)(2)(A), 1382c(a)(3)(B).

The Commissioner has promulgated regulations that incorporate a five-step sequential evaluation process for determining whether a claimant is disabled. The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether he has a severe impairment; (3) if so, whether his

impairment meets or equals the criteria listed in Appendix 1; (4) if not, whether the claimant's impairment prevents him from performing his past relevant work; and (5) if so, whether the claimant can perform any other work that exists in the national economy, in light of his age, education, work experience and residual functional capacity.[1] 20 C.F.R. §§404.1520(a)(4), 416.920(a)(4). If the claimant is found disabled or not disabled at any step, further inquiry is unnecessary. Id.

In this case, plaintiff argues that the ALJ erred at step 5 of the sequential evaluation process because: (1) he gave inadequate weight to the opinion of one of plaintiff's treating physicians; (2) he gave too much weight to the opinion of a non-examining state agency physician who reviewed plaintiff's records; and (3) he did not meet the burden to show that other work exists in the national economy that plaintiff can perform. The court finds that each of these arguments lack merit.

Plaintiff first argues that the ALJ gave inadequate weight to the opinion of his treating pain specialist, Dr. Kussay Nassr. A treating physician's opinion is entitled to controlling weight if it is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence of record. 20 C.F.R. §§404.1527(c)(2),

---

[1] Residual functional capacity is defined as that which an individual still is able to do despite the limitations caused by his impairments. 20 C.F.R. §§404.1545(a)(1), 916.945(a)(1). In assessing a claimant's residual functional capacity, the ALJ is required to consider the claimant's ability to meet the physical, mental, sensory and other requirements of work. 20 C.F.R. §§404.1545(a)(4), 416.945(a)(4).
AO 72
(Rev. 8/82)

416.927(c)(2). If a treating physician's opinion is not entitled to controlling weight, the ALJ will give it the weight he deems appropriate based on such factors as whether the physician treated or examined the claimant, whether the opinion is supported by medical signs and laboratory findings and whether the opinion is consistent with the record as a whole. See 20 C.F.R. §§404.1527(c)(1)-(4), 416.927(c)(1)-(4). Under these standards, the ALJ properly determined that Dr. Nassr's opinion should be given minimal weight. (R. 18).

Dr. Nassr first examined plaintiff on December 15, 2009, and noted that plaintiff had full motor strength, normal reflexes and a mildly antalgic gait. (R. 726). On January 20, 2010, just over one month after examining plaintiff for the first time, Dr. Nassr completed a physical capacity evaluation indicating that he would not be able to complete an 8-hour workday without rest breaks in excess of that usually provided and that he would miss work 10-15 days per month dues to his physical problems. (R. 720). Despite this restrictive assessment, Dr. Nassr noted at plaintiff's subsequent examination on April 15, 2010, that his pain medications helped "very much in decreasing the pain and [plaintiff] denies any medication side effects." (R. 832). Dr. Nassr's examination findings in April 2010 were essentially the same as the examination performed in December 2009, and he also noted that an MRI of plaintiff's lumbar spine showed spondylolisthesis with foraminal stenosis at L5/S1 without any new herniation. (R. 833).

The ALJ explained that he gave minimal weight to Dr. Nassr's opinion that plaintiff essentially would be unable to work because the opinion was inconsistent with the other evidence of record which the ALJ thoroughly discussed in his decision. (R. 18). In addition, the ALJ correctly noted that Dr. Nassr's own physical examinations of plaintiff did not support such a restrictive assessment of his functional capabilities. (R. 18). The ALJ also found it significant that Dr. Nassr only began treating plaintiff one month before issuing the opinion that plaintiff would be unable to complete a workday and would need to miss 10-15 days per month, and no other treating physician indicated that plaintiff experienced limitations that would preclude him from working. (R. 18). After reviewing the record, the court finds no error in the ALJ's consideration and weighing of Dr. Nassr's opinion for the reasons the ALJ explained in his decision.

The court similarly finds no error in the ALJ's consideration of, and reliance upon, the opinion of Dr. Frank Bryan, a non-examining state agency physician who reviewed plaintiff's records and completed a residual functional capacity assessment finding that plaintiff had the ability to perform light work. (R. 656-62). The ALJ noted that Dr. Bryan's opinion was entitled to less weight because he did not examine plaintiff, but determined it was entitled to some weight. (R. 18). Despite Dr. Bryan's opinion that plaintiff could perform light work, the ALJ's RFC Finding limited plaintiff to sedentary work with additional restrictions to accommodate all of his physical limitations that were supported

by the record.

Plaintiff contends that the ALJ improperly relied on Dr. Bryan's opinion, in part because it was outdated by the time the ALJ conducted the administrative hearing. Contrary to plaintiff's position, the regulations specify that state agency medical consultants, such as Dr. Bryan, "are highly qualified . . . physicians . . . who are also experts in Social Security disability evaluation. Therefore, administrative law judges must consider findings and other opinions of State agency medical and psychological consultants . . . as opinion evidence, except for the ultimate determination about whether [a claimant is] disabled." 20 C.F.R. §§404.1527(e)(2)(i), 416.927(e)(2)(i).

Consistent with the regulations, the Third Circuit has recognized that the opinions of state agency consultants merit significant consideration. In Chandler v. Commissioner of Social Security, 667 F.3d 356 (3d Cir. 2011), the Third Circuit determined the ALJ in that case properly relied on the state agency medical consultant's RFC assessment in support of his decision to deny the claimant's application for benefits, noting that the ALJ did not merely rubber stamp the medical consultant's RFC determination, but rather considered the evidence as a whole. Id. at 361-62.

Likewise, here, the ALJ properly relied on, and accorded some weight to, Dr. Bryan's physical RFC assessment of plaintiff. As in Chandler, the ALJ did not simply rubber stamp Dr. Bryan's opinion. Rather, the ALJ incorporated Dr. Bryan's opinion into

AO 72
(Rev. 8/82)

the RFC Finding to an extent but gave plaintiff the benefit of doubt by limiting him to sedentary (instead of light) work and including additional restrictions to accommodate his functional limitations.

Moreover, to the extent plaintiff suggests that the lapse of time between Dr. Bryan's assessment in April 2008 and the subsequent administrative hearing made it inappropriate for the ALJ to rely on Dr. Bryan's opinion, the Third Circuit rejected that argument in Chandler, stating that "[t]he Social Security regulations impose no limit on how much time may pass between a report and the ALJ's decision in reliance on it." 667 F.3d at 361. It is for the ALJ to determine whether subsequent medical evidence impacts the earlier findings. Id., citing SSR 96-6p. After considering all of the evidence here, the ALJ determined that plaintiff had the residual functional capacity to perform sedentary work with additional limitations, not light work as Dr. Bryan had found. Accordingly, the ALJ did not err in his consideration and weighing of Dr. Bryan's opinion.

Plaintiff's final argument is that the ALJ did not meet the burden to show that other work exists in the national economy that plaintiff can perform considering his vocational factors and residual functional capacity. While plaintiff is correct that the Commissioner bears the burden of proof on this issue, see Poulos v. Commissioner of Social Security, 474 F.3d 88, 92 (3d Cir. 2007), he is incorrect that it was not met in this case.

The ALJ posed a hypothetical question to the vocational

expert ("VE") that included plaintiff's vocational factors and residual functional capacity, including all of the factors that were incorporated in the ALJ's RFC Finding. (R. 44). In response to the hypothetical, the VE testified that plaintiff is able to perform work that exists in the national economy, such as a table worker, electronics assembler and mail addresser. (R. 44-45). The VE provided the classification number for each of these jobs as list in the Dictionary of Occupational Titles ("DOT"). (R. 44-45). Although plaintiff did not object to the VE's testimony at the administrative hearing, he now argues that the ALJ's step 5 finding is flawed because the DOT is outdated, and the ALJ erred by relying on the VE's testimony that plaintiff could perform the jobs he identified by reference to the DOT. Rather, plaintiff contends that the ALJ should have relied on the O*NET, an online database of jobs and job descriptions, which he claims supersedes the DOT.

The court disagrees with plaintiff's position that the ALJ erred by relying on the VE's testimony which was based upon the job classifications referenced in the DOT. On the contrary, while the DOT appears on the list of governmental and other publications from which the agency can take "administrative notice of reliable job information," the O*NET does not. See 20 C.F.R. §§404.1566(d)(1)-(5), 416.966(d)(1)-(5). Thus, even if the VE's testimony was in conflict with O*NET, there is no requirement that the VE's testimony comply with that database. Instead, the VE's testimony must comply with the DOT, and if there is a conflict

between the VE's testimony and the DOT, then an explanation must be given. See SSR 00-4p, 2000 WL 1898704, at *4. Here, there was no such conflict as the VE's testimony was consistent with the information contained in the DOT. (R. 19). Accordingly, the ALJ did not err in relying on the VE's testimony to conclude at step 5 that there are jobs which exist in the national economy that plaintiff can perform consistent with his vocational factors and residual functional capacity.

In conclusion, after carefully and methodically considering all of the medical evidence of record, the ALJ determined that plaintiff is not disabled within the meaning of the Act. The ALJ's findings and conclusions are supported by substantial evidence and are not otherwise erroneous. Therefore, the decision of the Commissioner must be affirmed.

/s/ Gustave Diamond
Gustave Diamond
United States District Judge

cc: Karl E. Osterhout, Esq.
521 Cedar Way
Suite 200
Oakmont, PA 15139

Stephanie L. Haines
Assistant U.S. Attorney
319 Washington Street
Room 224, Penn Traffic Building
Johnstown, PA 15901